IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER S. MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:07CV479 |
| vs. | ) | |
| | ) | MEMORANDUM AND |
| MOBILE MEDIA ENTERPRISES LLC, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and the consent of the parties on defendant's Motion for Summary Judgment (Doc. 76). The briefing schedule expired upon the filing of defendant's reply brief on April 19, 2010. The court has reviewed the pleadings, the briefs, and the evidentiary materials filed by the parties. For the reasons explained below, the court finds that the motion for summary judgment must be denied.

## I. NATURE OF THE CASE

On June 16, 2006, the defendant ("Mobile Media") hosted a tent at the NCAA College World Series for the purpose of marketing Cingular Wireless products. The tent included a "Hi Striker" or "Test Your Strength" game ("Game"), which required the participant to swing at and strike a plate with a mallet which, upon impact, caused an object to elevate up a tower toward a bell. If the bell rang, the participant would win a prize.

Plaintiff was injured while playing the Game. He alleges in his Second Amended Complaint (Doc. 41) that the defendant furnished him with a short-handled rubberized mallet. In order to swing the mallet, he was required to bend over the strike plate with his

face directly over and parallel to the plate. When plaintiff swung the mallet and struck the plate, the rubberized end of the mallet immediately bounced off the plate, propelled backwards through the air, and struck plaintiff in the face. Plaintiff suffered injuries to his face, eye and nose.

Plaintiff has asserted claims for negligence, negligently supplying a chattel for the plaintiff's use, and premises liability.

Mobile Media denies liability. In summary, it affirmatively alleges that any dangers associated with playing the Game are generally known and recognized by ordinary persons in the general public; plaintiff assumed the risk of injury; plaintiff was negligent or contributorily negligent; plaintiff failed to mitigate his damages; and Mobile Media met all applicable standards of care.

## II. LEGAL ANALYSIS

### A. Jurisdiction and Venue

The pleadings establish that the plaintiff resides in the State of Kansas. Defendant is a limited liability company organized and existing according to the laws of the State of Delaware with its principal place of business in the State of Georgia. Plaintiff's injury occurred in the State of Nebraska. This court has "diversity" subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Venue in this district is proper under 28 U.S.C. § 1391.

### B. Standard of Review

#### 1. Fed. R. Civ. P. 56

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *See Tenbarge v. Ames Taping Tool Sys., Inc.*, 128 F.3d 656, 657-58 (8th Cir. 1997); NECivR 56.1(a).

In the face of a properly supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998) (quoting former Fed. R. Civ. P. 56(e)). The nonmoving party must set forth specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. *See Wingate v. Gage County School Dist., No. 34*, 528 F.3d 1074, 1078 (8th Cir. 2008); Fed. R. Civ. P. 56(e)(2). "To establish the existence of a genuine issue of material fact, '[a] plaintiff may not merely point to unsupported self-serving allegations.'" *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005). The plaintiff must substantiate his or her

allegations with sufficient probative evidence that would permit a finding in his favor. *See Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008).

### 2. Compliance with Local Rules 7.0.1 and 56.1

"To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered." *Stuart v. General Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000); *see also, e.g.*, *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005); *DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach,* 576 F.3d 820, 825-26 (8th Cir. 2009).

Thus, the local rules of this court require that documents used as evidence to support or oppose a motion must be authenticated by affidavit. NECivR 7.0.1 & NECivR 56.1. In the case of evidence submitted in support of a motion, "[a]n affidavit must identify and authenticate documents filed with the index. The affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated, and identify the related motion." NECivR 7.0.1(a)(2)(C). NECivR 7.0.1 further cautions that "a party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion."

NECivR 56.1 applies to motions for summary judgment. It requires the movant to include in the brief "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law. <u>Failure to submit a statement of facts may be grounds to deny the motion.</u>" NECivR 56.1(a)(1) (Emphasis in original). Furthermore,

> The statement of facts should consist of <u>short</u> numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials that support the material facts stated in the paragraph. A fact is "material" if pertinent to the outcome of the issues identified in the summary judgment motion. The statement of facts must describe the parties and recite all facts supporting the court's venue and jurisdiction. The statement must not contain legal conclusions. <u>Failure to provide citations to the exact locations in the record supporting the factual allegations may be grounds to deny the motion.</u>

NECivR 56.1(a)(2) (Emphasis in original).

It is no secret that the judges of this court intend to enforce the local rules of practice, especially rules relating to the substance of motions. *See, e.g., PW Eagle, Inc. v. Schnase*, 376 F. Supp. 2d 945 (D. Neb. 2005); *Cordray v. 135-80 Travel Plaza, Inc.*, 356 F. Supp. 2d 1011 (D. Neb. 2005); *Hillard v. Clarke*, 245 F.R.D. 419 (D. Neb. 2007).

In this instance, the defendant submitted over 200 pages of unauthenticated[1] "evidence," together with one unauthenticated videotape, in support of its motion for summary judgment. The defendant did not provide a statement of uncontroverted facts, and

---

[1] The plaintiff also submitted unauthenticated "evidence" in response to the motion.

did not provide pinpoint citations to the record. When the plaintiff pointed out this serious deficiency, the defendant belatedly attempted–unsuccessfully–to remedy the matter in the reply brief.

Under the circumstances, the court finds that the defendant has not made a properly supported motion for summary judgment and has failed to show that there is no genuine issue as to any material fact or that it is entitled to judgment as a matter of law.

The trial schedule will not accommodate the re-submission of any motions for summary judgment, and the deadline for filing motions for summary judgment will not be reopened.

### ORDER

**IT IS ORDERED** that defendant's Motion for Summary Judgment (Doc. 76) is denied.

**DATED May 7, 2010.**

> BY THE COURT:
>
> s/ F.A. Gossett
> **United States Magistrate Judge**